```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAY A. SMITH,

                    Plaintiff,           ORDER
                                         10-CV-1165(JS)(WDW)
      -against-

ROBERT RILLING, Shield No. 492,
individually and as an employee
of the Suffolk County, New York
Sheriff's Department and the
COUNTY OF SUFFOLK,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Ray A. Smith, Pro Se
                    P.O. Box 357
                    Coram, New York 11727

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Pending before the Court is the Complaint of pro se Plaintiff Ray A. Smith ("Plaintiff"), accompanied by an application to proceed in forma pauperis. For the reasons discussed herein, the application is GRANTED.

BACKGROUND

Plaintiff filed his Complaint on March 15, 2010 pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff alleges that his constitutional rights were violated when, on January 2, 2010, he was "falsely arrested" by Defendant Deputy Sheriff Robert Rilling ("Rilling") following an unlawful search and seizure. Plaintiff also contends that Rilling used excessive force while handcuffing him, causing Plaintiff to suffer physical injuries including sprained

wrists, neuropathy, and carpal tunnel syndrome. Plaintiff avers that Rilling's conduct during this incident was authorized by Defendant County of Suffolk ("County"), and is tolerated as an institutionalized practice given, inter alia, the Defendant County's failure to properly train and discipline its employees.

## DISCUSSION

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that his financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

It is axiomatic that the Court is required to read a plaintiff's pro se complaint liberally, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that pro se complaints are held to "less stringent standards than

2

formal pleadings drafted by lawyers"); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."), and construe it "'to raise the strongest arguments'" suggested. Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

While it may be that Plaintiff is unable to prevail on his claims, the Court's uncertainty does not justify dismissal at this early juncture. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004). Accordingly, the application to proceed in forma pauperis is GRANTED and the Court orders service of the Complaint.

## CONCLUSION

Plaintiff's motion to proceed in forma pauperis is GRANTED. The United States Marshal Service for the Eastern District of New York is directed to serve the Complaint.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  26 , 2010
       Central Islip, New York